## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PARAMJIT SINGH,

     Petitioner,

v.                                                                      No. 2:26-cv-00853-DHU-LF

WARDEN, Otero County Processing Center;
TODD M. LYONS, Acting Director of
Immigrations and Customs Enforcement;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; KRISTI NOEM,
Secretary, U.S. Department of Homeland
Security; PAMELA BONDI, U.S. Attorney
General; in their official capacities,

     Respondents.

### ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Paramjit Singh's Petition for Writ of

Habeas Corpus ("Habeas Petition"). Doc. 2. Petitioner alleges that he has been unlawfully

detained without a bond hearing, in violation of the Immigration and Nationality Act ("INA")

and the Due Process Clause of the Fifth Amendment.[1] *Id.* ¶¶ 53-54, 58-65. He asks this Court to

order Respondents to release him from immigration custody or, in the alternative, order

Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7)

days. *Id.* at 19 ¶ 6. Having considered the parties' briefs and the relevant law, the Court

**GRANTS IN PART** Petitioner Paramjit Singh's Petition for Writ of Habeas Corpus, and orders

---

[1] Petitioner also alleges that Respondents have unlawfully detained him in violation of their own
regulations. *Id.* ¶¶ 55-57. However, because the Court grants Petitioner's Habeas Petition on his
INA and Due Process claims, the Court "decline[s] to address th[is] remaining claim[] of error."
*Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

1

Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ")

pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

**I.**
**BACKGROUND**

1. Petitioner Paramjit Singh is a native and citizen of India who entered the United States

   without inspection on July 15, 2004. *Id.* ¶ 43. Since his arrival, Petitioner has accrued no

   criminal history. *Id.* ¶ 47.

2. Shortly after his entry, Petitioner was detained by immigration officials, placed in

   removal proceedings, and subsequently released. *Id.* ¶ 43.

3. Petitioner was issued a Notice to Appear. *Id.* ¶ 46; Doc. 2-2. His Notice to Appear

   charged him as a noncitizen present in the United States who had not been admitted or

   paroled. Doc. 2-2 at 1.

4. On December 6, 2024, Petitioner filed an Application for Asylum, Withholding of

   Removal, and for Withholding Under the Convention Against Torture. Doc. 2-3.

5. On November 18, 2025, Petitioner was re-detained by Immigration and Customs

   Enforcement ("ICE") at an ICE office in New York. Doc. 2 ¶ 45. Petitioner was

   scheduled for a check-in at that ICE office as part of his conditions of release. *Id.*

6. Petitioner was eventually transferred to the Otero County Processing Center in Chaparral,

   New Mexico, where he remains detained. Doc. 2-4.

   On March 23, 2026, Petitioner filed a Habeas Petition.[2] Doc. 2. In his Habeas Petition,

Petitioner alleges that his detention is governed by 8 U.S.C. § 1226(a) because he was already

---

[2] On April 3, 2026, Petitioner filed a Motion for Temporary Restraining Order. Doc. 8. Because
the Court is granting Petitioner relief in this Order, the Court **DENIES** Petitioner's Motion (Doc.
8) **AS MOOT**.

present and residing in the United States when he was detained. *Id.* ¶¶ 5, 53. Petitioner further argues that, because he is subject to 8 U.S.C. § 1226(a), he is entitled to a bond hearing. *Id.* ¶ 53. Petitioner further argues that his continued detention without a bond hearing violates the Due Process Clause, entitling him to release or a bond hearing. *Id.* ¶¶ 58-65. Petitioner asks this Court to 1) assume jurisdiction over this matter; 2) declare that Respondents have violated Petitioner's rights; 3) order that Petitioner not be transferred outside of the District of New Mexico; 4) issue an Order to Show Cause ordering Respondents to show cause why his Petition should not be granted within three (3) days; 5) declare that his detention is unlawful; 6) issue a Writ of Habeas Corpus ordering Respondents to immediately release him from custody on the same conditions he was subject to immediately prior to his recent detention or provide him a bond hearing pursuant to 8 U.S.C. § 1226(a) or the Due Process Clause within seven (7) days; 7) enjoin and restrain Respondents from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an IJ where Respondents will have the burden to demonstrate a change in circumstances justifying Petitioner's re-detention; and 8) award attorney fees and costs under the Equal Access to Justice Act ("EAJA"), and any other basis justified by law. *Id.* at 19-20.

On March 30, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Habeas Petition within ten business days. Doc. 5.

On April 8, 2026, USA Respondents filed their response to the Habeas Petition. Doc. 12. Warden Castro joined the response. Doc. 10. In their response, Respondents acknowledge that Petitioner is subject to the detention provisions of § 1225 or § 1226. Doc. 12 at 1. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) based on the plain language of that statute. *Id.* at 2. However, Respondents also acknowledge that this Court

3

reached the opposite conclusion in *Requejo Roman v. Castro*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026). *Id.* Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* Respondents further concede that that the legal issues in this case are similar to the issues addressed by this Court in *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026). *Id.* at 2 n. 1.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being detained without a bond hearing in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as Respondents acknowledge, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-

01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125 (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175 (D.N.M. Feb. 26, 2026). The facts here are not materially different than those the Court analyzed in previous cases. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and others, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing.[3] Petitioner, who entered the United States without inspection, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his right to due process.

Petitioner requests that this Court order his release under the same release conditions that he was subject to prior to his detention. Doc. 1 at 19 ¶ 6. The parties' briefing, however, does not provide the Court with sufficient evidence or information to determine the nature of the release or the liberty interest—and attendant due process rights—that may or may not have accrued during his time on release. Accordingly, based on the facts before it, the Court finds that a bond hearing, rather than release, is the appropriate remedy. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For

---

[3] The Court acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have analyzed this issue and reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals, however, has not yet addressed the issue.

a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, --F. Supp. 3d --, 2026 WL 125681.

**IV.**
**CONCLUSION**

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Friday, April 17, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Friday, April 17, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

6