**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PARAMJIT SINGH,

      Petitioner,

v.                                         No. 2:26-cv-00853-DHU-LF

WARDEN, Otero County Processing Center;
TODD M. LYONS, Acting Director of
Immigrations and Customs Enforcement;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; KRISTI NOEM,
Secretary, U.S. Department of Homeland
Security; PAMELA BONDI, U.S. Attorney
General; in their official capacities,

      Respondents.

### <u>ORDER REQUIRING THE IMMEDIATE RELEASE OF PETITIONER</u>

THIS MATTER is before the Court on Petitioner Paramjit Singh's Petition for Writ of Habeas Corpus filed on March 23, 2026, and the Status Report filed by the Respondents on April 17, 2026, pertaining to the bond hearing the Court ordered to address the due process concerns raised by the Petitioner. Docs. 2, 14. After reviewing the Status Report, the Order of the Immigration Judge issued after the bond hearing was conducted, and the relevant law, the Court will order Petitioner's immediate release from detention.

On April 10, 2026, the Court issued an Order Granting In Part Petitioner's Habeas Petition ("Order"). Doc. 13. In its Order, the Court addressed Petitioner's argument that his detention is governed by 8 U.S.C. § 1226, and not 8 U.S.C. § 1225. *See id.* at 4-6. In doing so, the Court found that Petitioner "is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing." *Id.* at 5. The Court further found that Petitioner's misclassification under § 1225 and resultant denial of a bond hearing" violated his due process rights. *Id.* The Court, therefore, ordered

1

"Respondents [to] provide Petitioner with an individualized bond hearing before a neutral [Immigration Judge] within seven (7) days." *Id.* at 6. The Court made clear that, in order to address the constitutional due process issues raised by the Petitioner's re-detention, the Government was to bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. *Id.* The Court further ordered that the Immigration Judge assigned to the matter was not to deny bond based on a lack of jurisdiction under the Board of Immigration Appeal's ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), as doing so would result in Petitioner once again being misclassified as subject to § 1225. *Id.*

On April 14, 2026, in compliance with the Court's Order, Respondents provided Petitioner with a bond hearing before an Immigration Judge. Doc. 14-1. It remains unclear from the record, however, whether at the bond hearing the Immigration Judge complied with this Court's Order by requiring that the Government prove, by clear and convincing evidence, that Petitioner was a flight risk and/or a danger to the community before justifying continued detention. *See id*. In addition, and perhaps even more concerning, is that the Immigration Judge determined he would deny Petitioner's request for bond in part because the "*Matter of Hurtado* may still apply." *Id.* at 1.

Like every other United States District Judge and United States Magistrate Judge in the District of New Mexico who has addressed the issue, this Court has rejected the BIA's interpretation of 8 U.S.C. §§ 1225 and 1226 found in *Hurtado*, finding that administrative decision unpersuasive and/or incorrect as a matter of law.[1]  Nevertheless, it appears that the Immigration

---

[1] *See Requejo Roman v. Castro*, 816 F.Supp.3d 1267, 1277 (D.N.M. 2026) (Urias, J.); *Cortez-Gonzalez v. Noem*, 811 F.Supp.3d 1287, 1298 (D.N.M. 2025) (Garcia, J.) (determining that the Court is not bound by the BIA's interpretation in *Hurtado* "particularly when the result lacks sound legal foundation" and, therefore, declining to follow it); *Camac-Huanca v. Noem*, No. 2:25-cv-01253-KWR-JFR, 2026 WL 357651, at *5 (D.N.M. Feb. 9, 2026) (Riggs, J.) ("*Hurtado* is not

Judge who conducted the Petitioner's Court-ordered bond hearing is under the false impression that *Hurtado* may still be the law in this federal district. It is not, and it will not be unless and until the Tenth Circuit Court of Appeals determines otherwise. It does not matter whether the Immigration Judge disagrees with all the federal judges in this district who have uniformly determined that the BIA's interpretation of  8 U.S.C. §§ 1225 and 1226 in *Hurtado* is wrong. Immigration Judges are administrative judges within the Executive Office for Immigration Review of the Department of Justice.[2] Although they perform important work in the federal government's

---

binding on this [C]ourt, and the [BIA's] interpretation carries only the 'power to persuade' . . . the Court does not find *Hurtado* persuasive."); *Gutierrez v. Garcia*, 2:25-cv-001145-WJ-KRS, 2026 WL 310064, at *2 (D.N.M. Feb. 5, 2026) (Johnson, J.) (finding that the Executive Branch's recent interpretation of 8 U.S.C. § 1225(b)(2) in *Hurtado* "is incorrect as a matter of law"); *Lopez-Romero v. Lyons*, No. 2:25-cv-01113-MIS-JHR, 2026 WL 92873, at *5 n. 2 (D.N.M. Jan. 13, 2026) (Strickland, J.) ("Although Respondents do not cite *Matter of Yajure Hurtado* in support of their position, the Court finds that the BIA's decision in *Hurtado* is unpersuasive, contrary to law, and entitled to no deference." (internal citations omitted)); *Rodriguez-Novoa v. Lyons*, No. 1:25-cv-01073-SMD-GBW, 2025 WL 4592301, at *4 (D.N.M. Dec. 23, 2025) (Davenport, J.) (stating that *Yajure Hurtado* "is not binding on this Court and is entitled to little deference" before holding that the petitioner is entitled to a bond hearing); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025) (Gonzales, C.J.) (noting that *Hurtado* is a nonbinding agency decision, that most district courts have rejected *Hurtado* as inconsistent with the INA's text, and, therefore, declining to follow it); *Liu v. Bondi*, No. 1:26-cv-00143-JB-GJF, 2026 WL 878280, at *2 n. 4 (D.N.M. Mar. 31, 2026) (Fouratt, Mag. J.) ("*Yajure Hurtado* is not binding on this Court."); *Igarza v. Warden*, No. 2:26-cv-00536-JB-SCY, 2026 WL 735255, at *3 (D.N.M. Mar. 16, 2026) (Yarbrough, Mag. J.) ("The Court disagrees with the Federal Respondents' position that every applicant for admission is seeking admission and therefore subject to the scope of § 1225(b)(2). This argument improperly equates the term 'applicant for admission' and 'alien seeking admission' in § 1225(b)(2)(A)."); *Castillo v. De Andra-Ybarra*, No.2:25-cv-01074-JB-JFR, 2026 WL 413407, at *15 (D.N.M. Feb. 13, 2026) (Robbenhaar, Mag. J.) (rejecting *Hurtado* and finding that applying § 1225(b)(2) to all applicants for admission would render other sections of the INA superfluous); *Intriago-Sedgwick v. Noem*, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155, at *7 (D.N.M. Dec. 19, 2025) (Fashing, Mag. J.) ("Courts in this district have joined courts across the country in rejecting *Yajure Hurtado* and finding that § 1226(a) governs the detention of noncitizens apprehended after residing in the United States.").

[2] An immigration judge is an attorney who is appointed as an administrative judge within the Executive Office for Immigration Review of the Department of Justice to conduct specified classes of proceedings under the Immigration and Nationality Act. *See* 8 C.F.R. §§ 1003.9, 1003.10.

enforcement of immigration laws and have statutory authority to conduct immigration proceedings, they are not part of the federal judiciary. It is the function of the federal judiciary, not an agency of the executive branch or an administrative judge of that agency, to "say what the law is" and to apply that law to the cases and controversies before it. U.S. CONST. art. III; *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). "[W]hen the meaning of a statute [is] at issue, the judicial role [is] to interpret the act of Congress, in order to ascertain the rights of the parties." *Loper Bright Enters v. Raimondo*, 603 U.S. 369, 385, 144 S.Ct. 2244, (2024) (internal quotations marks and citation omitted); *see also Rangel-Fuentes v. Bondi*, 155 F.4th 1138, 1143 (10th Cir. 2025). "The views of the Executive Branch [can] inform the judgment of the Judiciary, but [do] not supersede it." *Loper Bright*, 603 U.S. at 386. Thus, while it may be true that, ordinarily, a decision from the BIA would be binding on an Immigration Judge, such is not the case where a federal district court has ordered otherwise to remedy a constitutional violation.

It is not clear to what extent the Immigration Judge's erroneous view of the applicable law played in denying Petitioner's request for bond, just as it is not evident that the Immigration Judge conducted the hearing in a manner that shifted the burden to the Government to show, by clear and convincing evidence, that Petitioner posed a risk of flight or danger to the community before his continued detention. What further concerns the Court is that this is not the first time that this Immigration Judge's conduct at a Court-ordered bond hearing has raised due process concerns and may have violated the Court's Order. *See, e.g.*, *Wang v. Castro*, No. 2:26-cv-00375-DHU-JHR, Doc. 16 (D.N.M. April 17, 2026) (ordering a second bond hearing where the same Immigration Judge failed to shift the burden of proof to the Government at the first bond hearing and denied bond, again relying on *Matter of Hurtado*).

4

Because the Court is no longer confident that its orders meant to redress constitutional infirmities and concerns will be followed by the Immigration Judge, and because federal district courts have the power and authority to dispose of habeas corpus matters "as law and justice require," 28 U.S.C. § 2243, the Court determines that the only remedy left to ensure the Petitioner's constitutional rights are preserved and protected is the immediate release of the Petitioner. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release.") (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536, 124 S.Ct. 2633 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973)).

**IT IS THEREFORE ORDERED** that Respondents release Petitioner Paramjit Singh within **twenty-four (24) hours** of this Order under the same conditions of release that he was subject to prior to his re-detention.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than 3:00 p.m. (MST) on Friday. May 8, 2026, confirming Petitioner's timely release.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

5